UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Svendsen                                                                Civil Action No. 6:15-02756

versus                                                                  Judge Rebecca F. Doherty

Dolgencorp LLC                                           Magistrate Judge Carol B. Whitehurst

**ORDER**

Before the Court is an unopposed Motion To Remand filed by Plaintiff, Andreas Svendsen, [Rec. Doc. 6] and Defendant, Dolgencorp LLC's ("DG"), opposition thereto [Rec. Doc. 10]. Plaintiff originally filed this action in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana alleging he suffered personal injuries when he slipped and fell on water left on the floor in the Dollar General Store located at 5283 Mire Highway in Rayne, Louisiana. *R. 1-2.* DG filed a Notice of Removal to this Court on November 30, 2015 contending that the Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332. *R. 1.* Based on the record and the law, the Court finds that remand is appropriate.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir.2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332.  When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008).  Accordingly, DG, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

Plaintiff initially argued that remand is appropriate in this case based on the stipulation in the Petition which states, "Petitioners [*sic*] aver that the amount in controversy for the above captioned cause of action does not exceed $75,000.00 exclusive of interests and costs" *R. 1-2, ¶ 13*. In Louisiana, a plaintiff is not permitted to plead a specific dollar amount of damages. Louisiana Code of Civil Procedure Article 893(A)(1); *see, also*, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Thus, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). While it is arguable whether Plaintiff's jurisdictional statement in his Petition is a "binding stipulation or affidavit," Plaintiff executed and filed into the record a post-removal binding Stipulation stating that he "will not at any time seek to obtain or execute or obtain any Judgment which exceeds" $75,000.00.[1] *R. 13*. As a result, GD filed a motion to withdraw his opposition which the Court granted. *R. 14; 15*.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's unopposed Motion To Remand is **GRANTED** and the February 17, 2016 hearing on the Motion is **CANCELED**. The Clerk of this Court is to remand this action to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana.

Thus done and signed this 17th day of February, 2016 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's Remand contains a post-removal "Stipulation" signed by plaintiff's attorney in this action stating that this "matter has a value of less than $75,000.00." *R. 6-2*.